

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert B. Kirkpatrick
Special Attorney for Hidalgo County
Edinburg, Texas

Dear Mr. Kirkpatrick:

Opinion No. 0-2436
Re: Authority of the County
and State to make rebate
of money paid as taxes
through the mistake of
fact as to ownership of
the property by the tax-
payer.

   This will acknowledge receipt of your letter of
May 28, 1940, requesting an opinion from this department,
as follows:

   "For a number of years a Mrs. Mary E.
Ferry of this county has regularly paid
State and County taxes assessed against
Lot 5 in Section 10 out of Porcionos 64 et.
seq., of this county. Tax receipts were
regularly issued to Mrs. Ferry covering
this property.

   "Mrs. Ferry paid the taxes assuming
that she was the owner of Lot 5 in Section
10, whereas in truth and in fact her pro-
perty is described as Lot 6 in Section 10.
In other words, Mrs. Ferry intended to pay
State and County taxes on the property which
she owned and on which she lived but had a
mistaken idea as to the number of her lot.

   "The true owner of Lot 5 is a non-
resident and he refuses to compensate Mrs.
Ferry for the taxes paid on this property
and also refuses to pay the taxes on Lot 6
which, of course, would make Mrs. Ferry whole.

   "As an official of this county, I would
like to have your official opinion on the following
matters, to-wit:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"1.  Can the County and State legally rebate to Mrs. Ferry the money which she paid to discharge taxes assessed against Lot 5, when such taxes were paid under the mistaken belief that she was the owner of this property?

"2.  In the event such moneys are refunded, will the non-resident owner of Lot 5 have a complete defense to a suit brought to enforce payment of taxes assessed against said property?

"3.  If the money can not be legally refunded, is there any other legal method by which Mrs. Ferry may obtain relief from the unfortunate situation which she finds herself in?"

We will number the paragraphs of our opinion to correspond with your questions above set forth.

1.  The taxes paid by Mrs. Ferry, which have gone to the State, or which are held by the Collector for the State, may not be rebated or repaid to Mrs. Ferry. Article VIII, Section 6, of our Constitution declares:

"No money shall be drawn from the Treasury but in pursuance of a specific appropriation made by law."

With respect to this immediate matter, our Opinions Nos. O-1749 and O-2051 are in point and decisive.

The County, however, may lawfully return to Mrs. Ferry money paid by her under the mistake of fact set forth by you, and it is the County's duty to make such refund. This is the ordinary rule of equity applicable to the recovery of money paid under a mistake of fact. Clack v. Taylor County, 3 (Will) Civ. Cas. Ct. of App.,Sec. 202; Barth vs. Jester, 3 (Will) Civ. Cas. Ct. of App.,Sec. 223; Michalke vs. Brown, 185 S. W. 429; Clark vs. Bradley, 270 S. W. 1050; Jewett State Bank vs. Corsicana Nat'l Bank, 167 S. W. 747. See also our Opinion No. O-2063.

The fact that the person  making such payment had means of knowing the true facts does not preclude him from recovering back the money on the ground of a mistake as to that fact of which he did not have actual knowledge. Alston vs. Richardson, 51 Tex. 1; Houston & T. C. Ry. Co. vs. Hughes,

171

133 S. W. 731; Clark vs. Bradley, 270 S. W. 1050. Our Opinions Nos. O-1266 and O-1749 are in point and decisive of this question.

2. We make no answer to your question No. 2 because it is not the duty or privilege of this department to render opinions for the benefit of private persons only. This question does not concern any duty imposed by law upon any officer of this State to whom we owe the duty of advice.

3. No answer is necessary to your question No. 3 in view of our answer to question No. 1.

Copies of departmental opinions above cited are enclosed herewith.

Trusting that this will have satisfactorily answered your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

Enclosures

APPROVED JUN 7, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN